(109 N. W. 320.)

WILLIAM E. HIGBEE v. RICHARD DAELEY ET AL.

Opinion filed February 9, 1906. Rehearing denied October 4, 1906.

**Foreclosure of Mortgage by Assignee—Unrecorded Assignment.**

1. A foreclosure by advertisement made in the name of the mortgagee by the assignee, whose assignment is unrecorded, is voidable, but is not a nullity.

**Same.**

2. One who seeks to have a voidable sale adjudged void, must show affirmatively that he asserted his rights promptly after discovering the facts.

**Same — Diligence to Seek Relief.**

3. Evidence examined and *held,* that the plaintiff failed to show proper diligence in seeking relief from the voidable sale.

Appeal from District Court, Ramsey county; *Fisk, J.*

Action by William E. Higbee against Richard Daeley and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Siver Serumgard* and *Newman, Frame & Holt,* for appellant.

Foreclosure must be by a legal owner of the mortgage, and if he is the assignee, his assignment must be recorded.

Section 3419, R. C. 1899; Pardee v. Lindley, 31 Ill. 174; Strother v.. Law, 54 Ill. 413; Niles v. Ransford, 1 Mich. 338; Dunning v. McDonald, 55 N. W. 864; Hathorn v. Butler, 75 N. W. 743; Clark v. Mitchell, 84 N. W. 327.

If not so done the foreclosure is void. Section 3419, Rev. Codes 1899; Niles v. Ransford, supra; Bauseman v. Kelly, 36 N. W. 333; Burke v. Backus, 53 N. W. 458; Backus v. Burke, 51 N. W. 284; Backus v. Burke, 65 N. W. 459.

Foreclosure being void, title to the note and mortgage passed to the purchaser. Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261.

They were transferred by such subsequent conveyance of the premises. Finlayson v. Peterson, 11 N. D. 45; Johnson v. Sandhoff, 14 N. W. 889; Stillman v. Rosenberg, 78 N. W. 913.

Doctrine of bona fide purchaser cannot be invoked against a prior innocent legal holder. 2 Pom. Eq. Jur., sections 735 and 739; Williams v. Rand, 30 S. W. 509.

Good faith cannot create a title where none existed. Story Eq. Jur., Vol. 1, section 64c; Dodge v. Briggs, 27 Fed. 166; Vattier v. Hinde, 32 U. S. 269, 8 L. Ed. 249; Boon v. Chiles, 35 U. S. 209, 9 L. Ed. 176; Steffian v. Milmo National Bank, 6 S. W. 823; Oakley v. Ballard, Federal Cases, 10, 393; Evarts v. Agnes, 4 Wis. 343; Tisher v. Beckwith, 30 Wis. 55; Henry v. Carson, 96 Ind. 422; Fitzgerald v. Goff, 99 Ind. 28; Fallon v. Chidester, 46 Iowa, 588.

A grantee can convey no more than he acquires. Sampeyriac v. U. S., 32 U. S. 222, 8 L. Ed. 220; Polks, Lessees, v. Wendell, 5 Wheaton, 308; Sumner v. Seaton, 19 Atl. 884; Dimond v. Manheim, 63 N. W. 495.

The appellant seeking to redeem from the mortgage, offers to pay it, asks for an accounting and that respondent be allowed his just claim against the premises. This is all that equity can require and no laches can be imputed to the appellant. Lasher v. McCreary, 66 Fed. 834.

*McClory & Barnett,* for respondent.

There was no name of a grantee in the assignment and it was void. Druary v. Foster, 69 U. S. (2 Wall.) 24, 33; Swartz v. Ballou, 47 Iowa, 188; Burns v. Lynde, 6 Allen, 305; 1 Devlin on Deeds, section 456.

Where the debt is assigned and the mortgagee retains title to the mortgage, he is an indispensable party to a foreclosure by advertisement, and a foreclosure by him is valid, if made with the consent of the owner of the debt. Burke v. Backus, 51 Minn. 174, 53 N. W. 458; Backus v. Burke, 48 Minn. 260, 51 N. W. 284; Bausman v. Faue, 45 Minn. 412, 48 N. W. 13.

A foreclosure by advertisement in the name of the mortgagee on a mortgage assigned in blank is regular where the assignee's name is not inserted until after service. Curtis v. Cutler, 37 L. R. A. 737.

Respondent is an innocent purchaser for value without notice of defect in the proceedings and should be protected. See Vol. 3, Ballard on Real Property, section 461; 65 N. H. 646; Marrill v. Luce, et al., 61 N. W. 43; 2 Story Eq. Jur., section 1502.

ENGERUD, J. Plaintiff, claiming to be the owner in fee of the quarter section of land in question, brought this action to enforce his alleged right to redeem said premises from a mortgage lien thereon, and to require the defendants to account for the rents and profits of the land as mortgagees in possession. The defendants deny the plaintiff's title and right to redeem, and assert that, if plaintiff ever had any title, it was extinguished by a valid foreclosure by advertisement of the mortgage from which the redemption is sought. The case is before us for trial de novo on all the evidence.

The pivotal question is whether or not title has been acquired by the foreclosure of the mortgage in question. One Mary Fagnant owned the land in fee from 1888 until May 2, 1892, when she conveyed the same by quitclaim deed to this plaintiff. When this conveyance was made the premises had been unoccupied about two years, and remained vacant until 1895. On April 1, 1889, said Mary Fagnant, the then owner, mortgaged the land to the Western Farm Mortgage Trust Company of Kansas, to secure a debt of $700, and interest, which debt was evidenced by a promissory note upon which the interest was payable annually, and it was due April 1, 1894. The mortgage contained the usual power of sale in case of default, and provided further, that, if the mortgagor failed to pay any interest when due, the mortgage could be foreclosed for the entire debt. The mortgage was duly recorded. Shortly after its execution, this mortgage, with the debt secured thereby, was assigned by the mortgagee to Charles E. Vedder, one of the defendants. The assignment was in writing, but was never recorded. In April, 1892, the interest being in default, Vedder sent the mortgage, notes, and assignment to Moen & Connelly, a firm of real estate dealers at Devils Lake, and directed them to have the mortgage foreclosed and authorized them to bid in the premises at the sale in Vedder's name. This firm employed an attorney of that city, to conduct· the foreclosure. Proceedings to foreclose by advertisement were commenced in July, 1892, and culminated in a sale of the premises to Vedder on September 3, 1892. The foreclosure was made in the name of the Western

Farm Mortgage Trust Company. It is conceded that there is no other defect in the proceedings. After the time for redemption had expired the sheriff's deed, in proper form, was executed to Vedder, and recorded. Thereafter in May, 1895, Vedder conveyed the land by warranty deed for a valuable consideration, to defendant, Richard Daeley, who took actual possession of the land, and prepared it for cultivation by breaking and otherwise improved the same. Daeley farmed the land either in person or by tenants until he conveyed it by deed to defendant Brown. The latter contracted to sell the land to defendant Hurst, and placed him in possession. Brown subsequently conveyed the land to defendant Agnes Whitford, subject to the Hurst contract.

It is conceded that the record disclosed an apparently perfect title in Vedder, based on a foreclosure which appeared to be regular. It is also conceded that Daeley and those claiming under him purchased in good faith, and had no notice of the concealed defect in the foreclosure proceedings. It is also apparent that the defect is not one which could, under the circumstances of the case, cause any actual loss or prejudice to the plaintiff or any one else. There was a default which authorized a foreclosure, and the actual owner of the debt caused the apparent foreclosure to be made and reaped the fruits thereof. The owner of the fee, or any other person entitled to redeem, were given the same notice of sale, and had the same right to redeem as they would have had if the foreclosure had been made in the name of the assignee of the mortgage. The foreclosure, however, was not properly made in accordance with the terms of the statute, and it is, doubtless, true that it would be voidable if attacked in due season by the mortgagor or any one claiming under him, even though no actual detriment or prejudice did or could result from the irregularity. Hathorn v. Butler, 73 Minn. 15, 75 N. W. 743. The proceeding, although irregular and voidable, is not, in our opinion, an utter nullity as claimed by appellant. If this plaintiff or any other person entitled to redeem, had seen fit to exercise that right within the year after sale, such redemption would have effectually freed the land from any claims on the part of Vedder as assignee of the mortgage. It is self-evident that he would be estopped to allege his actual but undisclosed ownership as a ground for invalidating the apparently good foreclosure which he had brought about. Curtis v. Cutler, 76 Fed. 16, 22 C. C. A. 16, 37 L. R. A.

737; Bottineau v. Insurance Co., 31 Minn. 125, 16 N. W. 849; Merrill v. Luce, 6 S. D. 354, 61 N. W. 43, 55 Am. St. Rep. 844. So also, if Vedder, ignoring the foreclosure, had afterwards brought an action against the mortgagor to obtain a personal judgment for the debt, and the latter had pleaded payment, or partial payment by the foreclosure, Vedder would not be permitted to avoid the plea on the ground the foreclosure was void because the ostensible owner of the debt and mortgage in whose name he had foreclosed, was not the true owner. He would be estopped to do so, because the debtor, if the truth had been known to him, might have paid the debt, and enjoyed the use of the land, thus avoiding the liability for accumulated interest as well as deriving a profit from the land. It is manifest that if this foreclosure proceeding can be the basis of a title or right by estoppel, then, although it may be voidable, it is not a nullity. It is an interesting question, as to which we deem it unnecessary to express an opinion, whether this sale by the actual owner of the mortgage in the name of the ostensible owner was anything more than a mere irregularity, like that invloved in Powers v. Larabee, 3 N. D. 502, 57 N. W. 789, 44 Am. St. Rep. 577. It is unnecessary to discuss that question because, even if we assume that the sale could be avoided as against innocent purchasers, we are satisfied that the judgment must be affirmed for the reason that the plaintiff has failed to prove that he acted with reasonable diligence to avoid the sale after discovering its invalidity.

The right to disaffirm a voidable act, is, in all instances, in the nature of an equitable right; that is to say, the right must be exexcised in accordance with equitable principles. Even in cases of fraud, duress and similar positively wrongful acts which render voidable a transaction tainted thereby, the injured party must act promptly and any acquiescence evidenced either by delay in disaffirming or by retention of benefits, or by permitting the other party to change his position to his detriment, after knowledge of the right to disaffirm, is fatal to the exercise of the right. Although transactions tainted by the wrongs mentioned are voidable in law as well as in equity, and the right to disaffirm is a legal right as well as an equitable one, it is familiar law that, in whatever form the right of disaffirmance is asserted, the same principles apply. The same principles it seems to us, ought to be applied, when it is sought to annul a voidable sale. "In the

case of such voidable sales there should not be afforded the opportunity of speculation on chances. It is not permissible for a party to lie by and await events, and have power at any time in the future to let the sale stand, or avoid it, according as it may be found then to his interest to do." Hoyt v. Inst. for Savings, 110 Ill. 390, 399. Such seems to be the law recognized by the courts, and it has accordingly been held that he who attacks an apparently valid sale, and seeks to avoid it for hidden defects, must show affirmatively that he acted with reasonable promptness after discovering the facts. Cornell v. Newkirk, 144 Ill. 241, 33 N. E. 37; Fowler v. Lewis' Adm'r (W. Va.) 14 S. E. 447, 454, 455; Hamilton v. Lu Bukee (Ill.) 99 Am. Dec. 562, and notes; Jones on Mtges., section 1922. Applying these principles to this case, it is clear that the plaintiff must fail, because there is neither allegation nor proof showing when he discovered the facts which he now alleges invalidated the sale. This action was not commenced until 1904, more than 12 years after the sale and more than 10 years after the entire debt was due according to the terms of the note. He had never paid or offered to pay $1 of the mortgage debt before this action was commenced. He had never, from the time he received the deed in 1892 until he commenced this action, made any claim to the land or paid or offered to pay any taxes thereon. In the meantime, third persons have in good faith bought and paid for what appeared to be a good title to the land, and have ever since occupied and improved it.

Under such circumstances it was clearly incumbent on the plaintiff to offer some explanation of his long delay in asserting his alleged right. The court cannot assume that he was kept in ignorance of his legal rights so long a time. It is one of the essential elements of his cause of action, if he had any, to show that he promptly availed himself of his right to avoid the sale after discovering the facts which entitled him to do so. In the absence of any proof as to when he discovered the defect, it is plain that the court has no evidence on which to base a finding in his favor on this essential element of his cause of action. The plaintiff's neglect to pay the debt secured by the mortgage, subject to which he bought the land, and the subsequent continued open and adverse possession of the land by the grantees of the purchaser at the sale, made the plaintiff chargeable with at least constructive notice of the fact that the sale had been made. His long-continued

neglect of the mortgage obligation, his apparent abandonment of the land, and his failure to pay or offer to pay taxes, and the fact that at the time of the foreclosure he lived at Devils Lake where the sale was made after being publicly advertised, all tend strongly to show that he had actual knowledge of the sale as well as constructive notice thereof. If he had ever intended to pay the mortgage debt or had attempted to do so, he could hardly fail to discover the fact that Vedder was the assignee. There was apparently no intentional concealment of the true ownership of the debt, and it is quite evident that the least inquiry would have disclosed the facts in that respect. So far as the circumstances show anything on the subject, they indicate that the facts as to the ownership were known to the plaintiff long before this action was commenced, if not at the time the sale was made. If plaintiff knew the facts as to the real ownership of the mortgage before third parties acquired rights, but nevertheless permitted this apparently valid sale to stand unchallenged, he is manifestly in no position to invoke the aid of a court of equity. His continued silence, under such circumstances, would be equivalent to a fraudulent concealment which would estop him to deny the rights of innocent purchasers. Johnson v. Erlandson (recently decided) 105 N. W. 722; Bausman v. Faue, 45 Minn. 412, 48 N. W. 13. The Minnesota case above cited is one very similar to this. It was held in that case, not only that the plaintiff was estopped by his long delay to attack an apparently valid foreclosure after the land had passed to innocent purchasers, but it was further held that he could not excuse his delay on the ground that he was ignorant of the hidden defect, where his ignorance of it was due to his neglect to make diligent and prompt inquiry.

We think the judgment is in accordance with the rights of the parties, as disclosed by the evidence, and it is accordingly affirmed. All concur.

