## BLISS v. WATERBURY.

Under Code Civ. Proc. § 384, making a sheriff's deed prima
facie proof of legality of the sale, and under section 533, making a
properly acknowledged and recorded deed admissible without proof
of execution, plaintiff in a suit for land made a prima facie case
by showing a properly acknowledged and recorded sheriff's deed
under sale against the patentee, the patent, deed from the sheriff's
grantee, and notice demanding possession.

Error in admitting documentary evidence, irrelevant and im-
material when offered, was harmless, where the fact it tended to
prove was disclosed on cross-examination.

It was not reversible error to permit cross-examination to show
that witness had brought a suit alleging matters at variance with his
testimony, though he was not first shown the complaint in that suit,
where no objection was taken on account of such omission.

A purchaser with knowledge, or estopped to deny knowledge,
that the land is in a third person's possession, has constructive notice
of all facts concerning such person's rights which due inquiry would
disclose, but such notice can be rebutted by showing due and reason-
able inquiry which failed to disclose title in the occupant.

Under Civ. Code, § 990, making an unrecorded deed valid as
against persons having notice thereof, unrecorded title of an occu-
pant is good as against claimant under a sheriff's deed against the
original owner, in the absence of estoppel, where the occupant was
living on the land when execution issued, when the land was sold,
when the sheriff's deed was executed, and when claimant purchased.

An occupant under unrecorded title is not estopped to assert
title against a purchaser with constructive notice of his rights, as
having failed to claim title in a conversation with the purchaser.

where in that conversation the occupant stated he would have to see whether he had any rights, and it does not appear that the purchaser was influenced to purchase by the conversation; nor is he estopped for failing to assert title in a suit to which he was not a party.

That an occupant under unrecorded title was his grantor's son did not charge him with notice of proceedings by the father's creditors touching the land, as affecting his rights against a purchaser under a sheriff's deed with constructive notice of the son's rights.

(Opinion filed May 31, 1911.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by C. J. Bliss against W. E. Waterbury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

*Preston & Hannett,* for appellant.     *T. J. Spangler,* for respondent.

HANEY, J. This action was tried before a referee who decided that the plaintiff is the owner and entitled to possession of the quarter section of land described in the complaint. Judgment having been according entered and a new trial refused, the defendant appealed.

[1] The land in controversy was formerly owned by E. S. Waterbury, who acquired title from the United States. Plaintiff's claim of ownership rests on a sheriff's deed, resulting from an execution sale under a judgment against the patentee and a deed from S. A. Ramsey, the grantee in the sheriff's deed. Defendant's claim of ownership rests on an unrecorded deed from the patentee conveying three-fourths of the land, and a contract with the patentee to convey the other fourth, executed and entered into prior to the rendition of the judgment against his grantor. To support his claims the plaintiff offered the sheriff's deed, which was objected to on the ground "that no proper foundation has been laid for the same, no evidence whatever of any judgment upon which a judicial sale has been made; no showing whatever that proper proceedings were had by the sheriff subsequent to the entry of said judgment, if any was ever entered, no showing that the time for redemption had expired from the time of said judicial sale, if any,

prior to the issuing of said deed, or of the signature of the grantor therein named, and the further objection that there is no proof of the execution of this deed; that it is incompetent and immaterial." The statute provides: "Upon the expiration of the period for redemption the proper officer must make the purchaser, or the party entitled thereto, a deed of the real property sold. The deed shall be sufficient evidence of the legality of such sale, and the proceedings therein until the contrary is proved, and shall vest in the purchaser, or other party aforesaid, as good and as perfect title in the premises therein mentioned and described, as was vested in the debtor at or after the time when such real property became liable to the satisfaction of the judgment." Rev. Code Civ. Proc. § 384. As the sheriff's deed was properly acknowledge and recorded, it was admissible without further proof of execution. Id. § 533. Moreover, proof of its execution was subsequently supplied. Such deed, in connection with the United States patent, the deed from plaintiff's grantor and proof of notice demanding possession, established a prima facie case for the plaintiff. Baxter v. O'Leary, 10 S. D. 150, 72 N. W. 91.

[2] Plaintiff also offered "a certified copy of a decree entered in the case of E. S. Waterbury v. S. A. Ramsey, in the circuit court of Jerauld county, purporting to quiet the title of S. A. Ramsey, as against E. S. Waterbury to the land in question, entered on the 8th day of October, 1901, and being duly certified by the clerk of the circuit court of Jerauld county," which was objected to "as incompetent and immaterial, and in no way binding upon the defendant in this action, he not being a party to said action in which said decree was rendered." This objection should have been sustained as the evidence was irrelevant and wholly immaterial at the time it was offered. But the error was not prejudicial as the fact which it tended to prove was disclosed by the cross-examination of E. S. Waterbury, and it was relevant and material to the issue of estoppel hereafter considered.

[3] E. S. Waterbury, the patentee, called as a witness for the defendant, having testified concerning the execution of the deed and contract relied on by the defendant, was asked this question:

"Mr. Waterbury, along in 1900 or 1901, you brought suit against Mr. Ramsey in the circuit court of Jerauld county, in which you alleged you were the owner of this land, did you not, and seeking to cancel the sheriff's deed, which has been offered in evidence as 'Exhibit B'?" which was objected to "as incompetent, immaterial, and not proper cross-examination;" and which objection was over-ruled. The witness answered, in effect, that such a suit had been brought, but that he was absent from the county, and did not know what was in it. It certainly was proper cros-examination to interrogate this witness regarding conduct on his part apparently inconsistent with the testimony he had given. It is true the method pursued was unfair. The witness should have been shown the complaint in the action referred to before being examined concerning its contents. But it does not appear that this objection to the method of procedure was called to the attention of the referee.

[4] Defendant offered evidence tending to prove the execution and delivery, for a valuable consideration, in April, 1887, of a deed to him from the patentee, conveying three-fourths of the land, signed by the patentee and wife, which was not acknowledged or recorded, and which was subsequently lost or destroyed. He also offered evidence tending to prove a contract with the patentee, entered into in April, 1887, to convey the remaining fourth; that he had performed all the conditions of such contract; that he had immediately entered into possession under such conveyance and contract, and that he was in actual possession when the judgment against his grantor was rendered, when the land was sold on execution, and when it was purchased by the plaintiff. As to whether a deed to the defendant was executed and delivered and a contract to convey entered into and performed, as alleged by the defendant, the decision of the referee is indefinite and uncertain. But as he did not find against the defendant on these material issues they were determined in defendant's favor or not determined at all. As the latter conclusion would necessitate a reversal (unless the defendant is estopped from asserting title), the referee having been requested to find thereon, it will be assumed that the unrecorded deed and oral contract were executed, d-livered, and performed. "An unrecorded instrument is valid as

between the parties thereto and those who have notice thereof." Rev. Civ. Code, § 990. Whenever a person dealing as purchaser or incumbrancer with respect to a parcel of land is informed or knows, or is in condition which prevents him from denying that he knows, that the premises are in the possession of a person, other than the one with whom he is dealing as owner, he is thereby put upon an inquiry, and is charged with constructive notice of all the facts concerning the occupant's right, title, and interest, which he might have ascertained by means of a due inquiry. Prima facie, the possession is of itself sufficient notice, whether it is actually known to the third person or not; but this presumptive notice from possession, like that arising from any other fact putting one upon inquiry, is subject to rebuttal by proof showing that an inquiry, duly and reasonably made, failed to disclose any legal or equitable title in the occupant. Betts v. Letcher, 1 S. D. 182, 46 N. W. 193. [5] Defendant's uncontradicted testimony corroborated by the plaintiff's shows that the defendant was living on the land when the execution against his grantor was issued, when the land was sold thereunder, when the sheriff's deed was executed and when the land was purchased by the plaintiff. The record discloses no evidence tending to prove that Ramsey made any inquiry concerning the defendant's rights before the execution sale, or that the plaintiff made any such inquiry before he purchased the premises. Clearly then, the defendant's prior unrecorded title must be sustained as against the plaintiff, unless the former is estopped by his conduct from asserting it.

[6] The contention that the defendant should not assert title because he failed to do so in a conversation with the plaintiff when the latter was about to purchase it, is not tenable. The only facts stated in the decision which tend to support it are these: "That during the time that said plaintiff was negotiating with the said S. A. Ramsey for the purchase of said lands, said plaintiff visited the lands and inspected the premises, and that he met defendant W. E. Waterbury and told him that he was about to purchase said lands, whereupon the defendant told the plaintiff that

he did not know that he had any rights, and that he would have to see, and that he said there was a controversy between his father and Mr. Ramsey about the land and he claimed the buildings." This finding, in at least one material respect, is contrary to the undisputed evidence. Both the plaintiff and defendant testified that the conversation referred to occurred after the plaintiff had purchased the property. Assuming it occured before the purchase, there is no suggestion that plaintiff was influenced thereby. It is not conceivable that a person of ordinary intelligence would be induced by such a conversation to part with a valuable consideration. The statement "that he would have to see" whether he had any rights in the land was ample notice that the defendant intended to ascertain what his rights were, and to assert whatever rights he possessed.

The contention that defendant is estopped from asserting ownership because he failed to do so during the litigation between E. S. Waterbury, his grantor, and S. A. Ramsey, the plaintiff's grantor, is also untenable. The judgment upon which plaintiff's claim of title is founded was rendered May 8, 1890, in an action wherein E. S. Waterbury and others were defendants and to which the defendant in the present action was not a party. Title to the land in controversy was quieted in S. A. Ramsey, plaintiff's grantor, by a decree of the circuit court October 8, 1901, in an action wherein E. S. Waterbury was plaintiff, S. A. Ramsey was defendant, and to which the defendant in the present action was not a party. The referee found that during all the time these actions were pending the defendant, who is the son of E. S. Waterbury, "was conversant with said proceedings" and never asserted any right, title or interest in or to the land. "Under the rule that he has the burden of proof who has the affirmative of the issue, the burden of proof is on the party alleging and relying on an estoppel to establish all the facts necessary to constitute it, subject, of course, to the proper presumptions which may be indulged under the facts of the particular case." 16 Cyc. 811. As the law did not require notice to the occupant of the land of any step in either of the actions to which he was not a party, there is no presumption that such notice was given. [7] The fact that the

defendant was E. S. Waterbury's son, in absence of evidence of the actual relations existing between them, is not sufficient to justify the conclusion that the defendant knew or should have known what was being done by his father or his father's creditor's with respect to this property. Assuming, however, that the defendant was "conversant with said proceedings" and remained silent, that fact in itself is not sufficient to establish an estoppel. Defendant's possession was notice to the world that he claimed some rights in the property, the nature of which, presumably, would have been disclosed by any person who inquired concerning the same. Not having been a party to either action mentioned in the referee's decision, the defendant is not estopped from asserting his unrecorded title as against either Ramsey or the plaintiff, because both had constructive notice of such title. Had either purchaser, before making his purchase, inquired of the defendant concerning his rights, and been misled or deceived by him, an entirely different question would have been presented. The plaintiff having failed to prove any such inquiry, it is clear that the conclusions of the learned referee are erroneous, and his decision cannot be sustained. The judgment based thereon is reversed, and a new trial ordered.