NELLIE EARNEST, Appellant, v. FIRST NATIONAL BANK OF CROSBY, NORTH DAKOTA, a Banking Corporation, Central Metropolitan Bank of St. Paul, a Foreign Banking Corporation, Crosby National Farm Loan Association, a Corporation, Mae Points, H. C. Whitaker, and All Other Persons Unknown Claiming Any Estate in or Lien or Encumbrance Upon the Property Described in the Complaint. FIRST NATIONAL BANK OF CROSBY, NORTH DAKOTA, a Banking Corporation, Appellant.

(217 N. W. 169.)

**Execution — vendor and purchaser — occupancy of land — open and notorious possession charges purchaser with knowledge of occupant's rights.**

1. Open and notorious possession and occupancy of real property by an-

---

Note.—(1) As to the general rule that possession of land is notice of possessor's rights, see annotation in 13 L.R.A.(N.S.) 51; 27 R. C. L. 719; 6 R. C. L. Supp. 1668.

other than his grantor is sufficient to charge a purchaser of real estate with knowledge of the rights of the occupant thereof; but this rule is subject to exception and when the party in possession holds a lease of the property and the purchaser knows of the existence of such lease, he may attribute the possession to such lease. *Held*, for reasons stated in the opinion, that in the instant case the facts are not such as to bring the case within this exception to the rule.

**Deed — when unrecorded deed is good against judgment creditor of original owner.**

2.   Under § 5598, Comp. Laws 1913, providing that an unrecorded instrument is valid as between the parties thereto and those who have notice thereof, an unrecorded deed, under which the occupant of real property claims title, is good as against a judgment creditor of the original owner who claims title under a sheriff's deed issued pursuant to sale on execution on his judgment, where the occupant was in open and notorious possession of the premises under her claim of title at the time the judgment was obtained, the execution issued, the sale made, and the deed issued.

**Estoppel — failure to assert claim based on unrecorded deed held not to estop assertion of rights at sheriff's sale.**

3. One who is in open and notorious possession of real property under an unrecorded deed is not estopped to assert her rights in the property as against one who claims under a sheriff's deed issued pursuant to sale on execution on a judgment against her grantor in an action to which she was not a party, merely because at the time the judgment was taken, the execution issued, the sale made, and the deed issued, she did not assert her claim.

Opinion filed December 29, 1927.

Estoppel, 21 C. J. § 159 p. 1158 n. 43.   Executions, 23 C. J. § 809 p. 761 n. 63. Vendor and Purchaser, 39 Cyc. p. 1744 n. 85; p. 1755 n. 40.

Appeal from the District Court of Divide County, *Lowe, J.*

Action to quiet title to real property.   From a judgment for the defendant, plaintiff appeals.

Reversed with directions.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

"The broad rule is laid down by a large number of cases that open, notorious, unequivocal and exclusive possession of real estate under an apparent claim of ownership is constructive notice to all the world of whatever claim the possessor asserts, whether such claim is legal or equitable in its nature." Niles v. Cooper, 13 L.R.A.(N.S.) 1.

*George P. Homnes,* for respondent.

"He who attacks an apparently valid sale, and seeks to avoid it for hidden defects, must show affirmatively that he acted with reasonable promptness after discovering the facts."   Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318.

"The defendant must move in a reasonable time, and that, where there is a right of redemption vested by the statute in the defendant, this reasonable time is measured by the statutory period of redemption." Power v. Larabee, 3 N. D. 502, 57 N. W. 789.

"In order to constitute notice of sale of premises by a possession of them by tenants, there must be such a change of possession as to arrest attention, and to put creditors and subsequent purchasers upon inquiry."   Stevens v. Magee, 81 Miss. 644, 33 So. 73.

"The burden of proving that the judgment creditor had notice is on the grantee under the unrecorded deed."   34 C. J. 610.

NUESSLE, J.   This action was brought to quiet title to certain real property in the village of Crosby.   The answering defendant, First National Bank of Crosby, denied the allegations of the complaint, set up title in itself by virtue of a sheriff's deed issued pursuant to sale on execution and asked for an affirmative judgment quieting title in it. The facts were stipulated.   The court made findings of fact and conclusions of law as follows:

"The court further finds the following facts as stipulated between the said parties, namely the plaintiff and the defendant The First National Bank of Crosby, as follows:   That on the 8th day of April, 1922, H. C. Whitaker was the owner of the following described real estate, situated in Divide county, to wit, lots 4, 5, 6, 9 and 10 and a portion of lot 11, heretofore deeded to Axel Olam in block 4, also blocks 8 and 9 in Herings second addition to Crosby revised, according to the plat thereof now on file in the office of the register of deeds in said Divide county, and that he held the legal title to said land for several years prior to the said 8th day of April, 1922, and also during said period owned a large amount of other real estate in Divide county, North Dakota.   That Nellie Earnest, the plaintiff in this action is the daughter of H. C. Whitaker, and that on the 8th day of April, 1922, the said H. C. Whitaker, made, executed and delivered to said Nellie Earnest a deed marked exhibit A, which is offered in evidence.   That

at the time of the execution and delivery of exhibit A, the said Nellie Earnest together with her husband and two children, two minor children, resided upon the land described in said deed exhibit A, and have ever since said time continuously resided thereon and claimed the same as their homestead, and that the said land therein described compromises a tract of less than one acre and is in value less than $5,000, and that the said plaintiff claims said premises as her homestead, and has at all times since the said 8th day of April, 1922, claimed same as the homestead of said family under the laws of the State of North Dakota. That on October 24th, 1921, the said H. C. Whitaker, made, executed and delivered to the defendant First National Bank of Crosby, North Dakota, his certain promissory note for the sum of $513.04, due October 1st, 1922, and that said note was taken without security at said time and with knowledge of the fact that said Whitaker owned large amounts of property at said time, and that it was taken upon his credit at said time, including this property, and that said property, which he owned at said time included the property in litigation in this action. That approximately sixty days prior to May 2nd, 1923, the said First National Bank of Crosby, North Dakota, commenced, an action upon said promissory note against H. C. Whitaker, and and that judgment upon said promissory note by default was taken against H. C. Whitaker on the 2nd day of May, 1923, in the sum of $554.64. That thereafter, and on August, 1923, execution was issued upon said judgment and levy was duly and regularly made upon said property in litigation and described in the complaint, and thereafter on October 19th, 1923, the said property was sold by the sheriff of Divide County, and the First National Bank of Crosby, North Dakota, bought in said property at said sale. That sheriff's certificate of sale was issued to the First National Bank of Crosby, North Dakota, upon said sale and sheriff's deeds marked exhibits B, C and D were duly and regularly executed and delivered to the First National Bank of Crosby, North Dakota. That thereafter and on the 4th and 5th days of March, 1925, the said First National Bank of Crosby paid the taxes levied against said property mentioned in said sheriff's deed in the amount of $26.46 and in the sum of $27.30. That the judgment heretofore mentioned against H. C. Whitaker has never been satisfied or paid except by execution and sale as hereinafter set forth.

"That the premises involved in this action and described in the complaint are described as follows, to wit, lots four (4), five (5), six (6), nine (9) and ten (10) in block four (4) in Herings second addition to Crosby (Revised) in Divide county, North Dakota, and that said premises were occupied by the plaintiff for more than four years prior to the commencement of said action.

"That the deed hereinbefore mentioned, being exhibit A, executed by H. C. Whitaker to the plaintiff Nellie Earnest, has not been recorded in the office of the register of deeds of Divide county.

"From the foregoing facts the court makes and files the following conclusions of law: That the plaintiff is not entitled to assert her deed Exhibit A, or to claim title thereunder as against the defendant the First National Bank of Crosby; that said exhibit A is void and of no effect; that the execution sale made under and by virtue of the judgment of said defendant First National Bank of Crosby, North Dakota, is regular and valid and the plaintiff is estopped from attacking said sale by laches and that the said defendant First National Bank of Crosby, North Dakota, is entitled to have the title to said premises quieted in it as against the claims of the plaintiff."

Judgment was accordingly ordered and entered for the defendant. Plaintiff appeals from such judgment and demands a trial de novo in this court.

Plaintiff's contention is that under the facts as stipulated and as found by the trial court in accordance with such stipulation, she was the owner of the real property in question and that though her deed was not recorded she occupied the premises and claimed the same as a homestead, that her occupation was open and notorious and notice to the world of her interest in the property. On the other hand, the defendant insists that plaintiff was living upon the property in question prior to the time of the execution and delivery of the deed from her father; that she must have been living thereon as a tenant; that there was no change of possession and that the defendant had the right to assume that her occupation continued to be that of tenant. Defendant further argues that it was stipulated, and the court so found, that the sale on execution was due and regular and that therefore plaintiff must have been served with notice of levy; that she made no objection to the sale and asserted no claim to the property; that she permitted

the deed to issue; that she did not pay the taxes and permitted the defendant to pay them; and that even though her possession and occupancy was notice of her claim of ownership, she lost the right to assert the same as against the defendant by reason of her conduct with respect to the sale on execution and subsequent proceedings.

This court has long and consistently held that open and notorious possession and occupancy of real property by another than his grantor is sufficient to charge a purchaser of real estate with knowledge of the rights of the occupant thereof. See Red River Valley Land & Invest. Co. v. Smith, 7 N. D. 236, 74 N. W. 194; O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849; Dickson v. Dows, 11 N. D. 407, 92 N. W. 798; Hedlin v. Lee, 21 N. D. 495, 131 N. W. 390; Krause v. Krause, 30 N. D. 54, 151 N. W. 991. This rule is in accord with the great current of authority. See Niles v. Cooper, 98 Minn. 39, 13 L.R.A.(N.S.) 49, 107 N. W. 744; Garbutt v. Mayo, 128 Ga. 269, 13 L.R.A.(N.S.) 58, 57 S. E. 495, and cases cited in notes; Webb, Record Title, §§ 215, et seq. In the instant case the plaintiff had a deed to the real property in question. This was unrecorded. But she lived upon the land with her family. She claimed it as a homestead. Her possession and occupancy were open and notorious. It does not appear that the defendant knew of this possession and occupancy, but, on the other hand, it could have learned thereof by making due investigation. The defendant contends that even though the rule is that possession and occupancy are sufficient to put one on inquiry as to the right and title of the occupant, nevertheless this rule is subject to exceptions, and that one of those exceptions arises when the occupant originally held as tenant and while so holding thereafter takes title to the property thus occupied; that in such case in the absence of some notice of the change from the status of tenant to that of owner the rule does not apply. This court has heretofore held that the rule does not apply where the possession of the occupant "is entirely consistent with the record title, nor where such party was a former vendor of the land and remained in possession; and when such party in possession holds a lease of the land, and the purchasers knows of the existence of such lease, he may attribute the possession to such lease." Red River Valley Land & Invest. Co. v. Smith, supra. See also Ildvedsen v. First State Bank, 24 N. D. 227, 139 N. W. 105. But though this is so, there is nothing in the record here

which discloses the character of plaintiff's occupancy prior to the time when she took the deed, whetḻer as a tenant or otherwise. While it is stipulated that the plaintiff occupied the land prior to the time when she took the deed from her father, there is nothing to warrant the inference that the defendant believed she occupied the property as a tenant. Nor does it appear that she was living on the property at the time her father's indebtedness to the defendant was incurred. In any event, her occupation and possession were open and notorious for a year before the suit was begun which resulted in the defendant's judgment, and during all of that time she claimed the property as a homestead. It seems to us that under these circumstances the plaintiff may invoke the rule of notice by reason of occupancy and that it thus is immaterial that her deed was not recorded. See Comp. Laws 1913, § 5598; Doran v. Dazey, 5 N. D. 167, 57 Am. St. Rep. 550, 64 N. W. 1023.

The defendant also insists, and this seems to have been the theory of the trial court, that the plaintiff failed to assert her rights as owner of the property within a reasonable time and, therefore, is now estopped to question the rights of the defendant. We must assume, as the defendant contends, that at the time of the levy upon the property the requisite notice of levy was given to the occupants thereof and that, therefore, the plaintiff had notice. But we do not believe this fact can operate to the disadvantage of the plaintiff. The plaintiff was in possession as the owner. The levy was upon the interest of her father in the property. In fact he had no interest therein. She owned the property and claimed it as her homestead. She was not a party to any action in which a claim in and to the property adverse to hers was asserted. No inquiry was made of her as to her rights in the property. Her mere failure to object to the attempted sale or the subsequent issuance of sheriff's deed cannot operate as against her any more than it would had her deed been of record. Bliss v. Waterbury, 27 S. D. 429, 131 N. W. 731. The defendant urges that generally plaintiff's conduct in the premises—her failure to object to the sale or to assert any rights as against the defendant prior to the time when she began the instant action to quiet title; her failure to pay the taxes upon the property—indicates that she in fact had no interest in the property and that the conveyance of the property to her by her father was not a bona fide transfer. However strong these circumstances, standing

alone and uncontroverted, might have been as evidence, the stipulation of facts and the findings of the court wholly overcome their effect in this direction. This is not a case where the sale was irregular and merely voidable. If the property was the property of the plaintiff, and the defendant was charged with notice of her rights therein, then the case is not a case where she may be estopped to assert her right by mere lapse of time. The case is wholly different from the cases of Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318, and Past v. Rennier, 30 N. D. 1, 151 N. W. 763, all of which are cited and relied upon in this behalf by the defendant.

The judgment of the district court must be reversed and judgment entered quieting title in the plaintiff as prayed in her complaint. It appears, however, that the defendant, claiming ownership under the sheriff's deed, paid past due taxes on the premises in question in the amount of $55.76. Judgment will therefore be ordered for the plaintiff subject to the plaintiff's paying to the defendant the amount of these taxes with interest at the legal rate from dates of payment thereof.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.