SOPHRONIA POTTER v. GEORGE E. SMITH ET AL.

*Parol gift of land—Equity—Protection of title of donee—Rights of subsequent execution creditors and incumbrancers of donor.*

The title of a daughter to land donated to her by her father by *parol,* of which she took immediate possession and held adversely for more than 20 years, making improvements upon the premises and claiming the same as her own, will be protected in equity as against his subsequent grantees and execution creditors, but *not* as against a subsequent mortgage given by him, of which she had full knowledge, as also of its foreclosure and the sale of the land thereunder, and entered into negotiations for its redemption therefrom, and made no claim to the mortgagees of the invalidity of their security as against her occupancy or title.

Appeal from Berrien.  (Smith, J.)    Argued January 4, 1888.   Decided January 19, 1888.

Bill to quiet title.   Complainant and defendants appeal. Decree reversed, and new one entered decreeing the title to be in complainant, subject to a mortgage, etc.   The facts are stated in the opinion.

*Clapp & Bridgman,* for complainant.

*Edward Bacon,* for defendants.

MORSE, J.   The complainant files her bill to quiet her title to lots 300, 301, and 302, in the village of St. Joseph.   She

claims that her father, Benjamin C. Hoyt, made a gift in parol of these lots to her in the year 1859, and that she moved into the dwelling-house upon one of them, and has resided there ever since with her husband and family, claiming and holding the same adversely against all the world, the three lots being inclosed by one fence.

The proofs show that, under some arrangement with her father, she did move into the house, and take possession of the premises, sometime in the year 1859, and that she has lived there ever since, claiming the same as her own, at least ever since the year 1874. The bill of complaint was filed July 20, 1882.

The character of her occupancy of the premises prior to 1874 is not as definitely and satisfactorily established as we could wish. The testimony of Benjamin C. Hoyt, her father, was not taken, although he is now living at Aberdeen, Mississippi. The complainant testifies that her father called at her house, and asked her and her husband to go up and look at the place.

"He said, if I liked it, I might have it for a home; if I liked it, I might move into it, and have it for a home."

When she asked him afterwards for a deed, her father said she should have it sometime, but that it was better as it was then, as she might sell it and be without a home. Her husband, F. A. Potter, corroborates her as to the gift.

But it appears that on the fifth day of July, 1859, Benjamin C. Hoyt borrowed $500 of Daniel N. Hoyt and George N. Griffin, his brother and brother-in-law, and gave his note therefor. He secured this note by a mortgage of the same date upon lots 300 and 301.

The giving and existence of this mortgage was ascertained soon after by both complainant and her husband, and no steps were ever taken, previous to the filing of the bill of complaint in this cause, by either of them, in disaffirmance of said

mortgage. The interest upon the mortgage was paid by Hoyt or some one up to November 5, 1872. F. A. Potter testifies that when he learned of the mortgage he spoke to Mr. Hoyt about it. Hoyt said to Potter that he only borrowed the money for a short time; that he did not put the mortgage on any of his lots, because they were for sale, and it might interfere with the sale of them; and that Potter need give himself "no uneasiness about the mortgage, as he should remove it soon anyway."

This mortgage was foreclosed by advertisement by Hoyt and Griffin, the premises sold, and bid in by them, and a sheriff's deed upon such sale issued to them, August 11, 1874.

After such foreclosure and sale, and before the redemption expired, negotiations were entered into between the complainant by her husband, and his brothers, who were acting as her attorneys, and Mr. Griffin, looking towards the payment of the mortgage by complainant, and the deeding of the premises to her by quitclaim on the part of the mortgagees. These negotiations were not concluded; but at no time while they were going on did complainant, or any one acting in her behalf, intimate that the mortgage was not a valid lien upon the premises.

In 1873, Benjamin C. Hoyt failed. About this time he executed a deed of assignment of his property, for the benefit of his creditors, to one Lyman Collins. In this deed he mentioned and conveyed the three lots in controversy here. The deed bore date November 28, 1873.

March 24, 1869, Hoyt conveyed lot No. 300 to his son, Enoch C. Hoyt. This deed was found among Enoch's papers after his death, and then recorded on the third day of March, 1874.

June 1, 1874, Benjamin C. Hoyt was adjudicated a bankrupt in the United States court, and Joseph W. Brewer appointed his assignee. Such assignee has never been discharged.

July 23, 1874, Benjamin C. Hoyt, then residing in Aberdeen, Mississippi, executed a quitclaim deed of these lots to the complainant; said deed reciting that he did on or about the tenth day of April, 1858, make to said complainant a parol gift of the said lots; and that she did, immediately upon the making of such parol gift, take possession of said premises, and has since then occupied the same uninterruptedly, adversely, and exclusively as her own property. Therefore, in confirmation of said parol gift, and in consideration of one dollar, the quitclaim is executed.

In March, 1882, for a valuable consideration, Griffin and Daniel N. Hoyt assigned the mortgage to George E. Smith, and also conveyed the premises to him by a quitclaim deed. Before this time, and in 1876, Hoyt and Griffin commenced an ejectment suit to recover possession of the premises. February 1, 1879, a verdict and judgment was rendered in favor of defendant upon the sole ground that the foreclosure was void because of the sale of the two lots in one parcel. No motion has ever been made in the suit for a new trial.

George E. Smith is made a defendant in the present suit, because of his ownership of the mortgage, and his possession of the quitclaim deed from Hoyt and Griffin. He also claims title under execution sales growing out of attachment levies upon the premises, as the property of Benjamin C. Hoyt, in October, 1873.

Brewer is a defendant, as assignee in bankruptcy of Hoyt. Susan V. Hoyt is the widow, and Grace Hoyt is the daughter and sole heir, of Enoch C. Hoyt. Chapman claims title under an attachment againt Benjamin C. Hoyt.

The circuit court for the county of Berrien, in chancery, dismissed the complainant's bill as to lots Nos. 300 and 302, and decreed that she had no title to them. It further decreed that, in law and equity, she was the owner of lot 301, upon which the dwelling-house is situated; and that the

defendants Smith, Brewer, and Chapman, should release and quitclaim said lot to her.

We think the decree cannot be sustained. Both parties appeal to this Court. We are disposed to find that complainant's father made the gift of these lots to her as claimed. She entered into possesion of them April 10, 1859, and made various improvements upon them in reliance upon such gift. She has ever since that time claimed the premises as her own, and held adverse possession, as against every claim except this mortgage. She is entitled to all three of the lots, as against all the defendants except Smith, and against him excepting as to his mortgage lien.

We think lots 300 and 301 must be held as subject to the lien of the mortgage to Hoyt and Griffin, and now held by Smith. She knew of the same being executed by her father, while the title stood in his name, and took no steps to acquaint the mortgagees with any claim of its invalidity, as against her occupancy or title to the premises. She and her husband, acting as her agent, not only acquiesced in but recognized this mortgage as an existing and valid lien upon the premises. It is too late now for her to impeach or disclaim it.

The decree of the court below will be reversed, and a new decree entered here declaring and decreeing the title in fee of all the lots in the complainant. She must pay, or cause to be paid, to the defendant Smith the amount due upon the note and mortgage, on or before the fifteenth day of July, 1888, or, in case of default in such payment, the lots 300 and 301 may be sold by any circuit court commissioner of said county of Berrien in like manner, and with the same effect, as is usual in foreclosure of mortgages in chancery,—lot 300 to be first sold,—for the purpose of paying from the proceeds of such sale the sum due upon said mortgage. The defendants, except Smith, must release and quitclaim to said complainant their claim of title to any or all of said lots within

thirty days from the entry of final decree in this Court, or such decree shall operate as such conveyance. Smith must also release all claim of title save his mortgage interest.

The complainant will recover costs of both courts of the defendants, excepting Smith, who must be given costs of both courts against complainant.-

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. CAMPBELL, J., did not sit.