TRUMAN v. TRUMAN *et al.*

**Specific Performance:** PAROL GIFT OF LAND : STATUTE OF FRAUDS : EVIDENCE. Where a party seeks to compel a conveyance of land which he claims to own by virtue of a parol gift, and to take the case out of the statute of frauds upon the ground of part performance, he must establish the gift by clear, unequivocal and definite testimony, and the acts claimed to be done thereunder, and relied on as part performance, should be equally clear and definite, and referable exclusively to the alleged gift. (See *Williamson v. Williamson*, 4 Iowa, 281.)

*Appeal from Winneshiek District Court.*—HON. CHARLES T. GRANGER, Judge.

FILED, FEBRUARY 10, 1890.

ACTION to enforce specific performance of an alleged gift of a certain tract of land to plaintiff's husband, and that the same be adjudged her homestead. The following facts appear without question : The plaintiff is the wife of defendant Joseph Truman, son of defendant Thomas Truman, whose only other child is Violet Parker. The plaintiff and Joseph were married in

June, 1881, and thereafter resided together upon the half section of land described until in June, 1885, cultivating and managing the same as a farm; said Joseph Truman disposing of the products as his own. During that time permanent improvements, in the way of buildings and betterments, fencing, plowing, etc., were put upon the half section thus occupied. In June, 1885, plaintiff was taken to her father's house, where she has ever since resided separate and apart from her husband; he having abandoned her and failed to provide for her. On June 5, 1885, Joseph Truman executed a chattel mortgage to his father, Thomas, on all of the property on the farm; and on the thirteenth of June gave his father authority, in writing, to take and dispose of said property. Thomas Truman was the owner of the half section of land described, and held the legal title thereto at and prior to 1881, and continued to hold the same until August, 1885, when he sold the same, together with said personal property, to the defendants L. R. and H. C. Brown, for thirteen thousand, two hundred dollars. The only dwelling on the farm is situated on the southeast quarter of the southeast quarter of the section. Prior to the marriage of the plaintiff and Joseph, the house was occupied by a tenant, who worked a part of the farm, and with whom the defendant Joseph boarded while working the other part. Some time after their marriage, the tenant quit possession, and the plaintiff and her husband occupied the entire premises until June, 1885.

The plaintiff alleges that defendant Thomas, in consideration of love and affection, and that his son, Joseph, would accept and occupy the same, gave and delivered said farm to Joseph in 1881; and Joseph accepted the same as owner, and took possession thereof, in 1881, and continued to occupy it as owner, with the plaintiff, and to cultivate and improve the same as owner thereof, and as their homestead. That in June, 1885, the defendants Thomas and Joseph Truman conspired together to defraud the plaintiff out

of her marital rights in said premises, to effect which they combined to get the plaintiff off said premises, and induced her to leave the same, and to go to her father's house. That she never gave up her rights of homestead, but was induced to and did go to her father's house, leaving her household goods and other things belonging to her, as a wife, on the premises in question. That the plaintiff and her husband, while occupying said premises, put lasting and valuable improvements thereon, and that her husband has abandoned and left her without means of support. That the sale and conveyance to the Browns was not in good faith, but was made to defraud plaintiff, and that she is still entitled to the possession of the southeast quarter of the southeast quarter aforesaid, as her homestead.

The defendants, answering, denied that Thomas Truman ever gave said farm to his son Joseph, but alleged the fact to be that, in the year 1881, said Thomas, desirous of testing his son's ability and industry to manage a farm successfully, permitted him to occupy the farm in controversy, and furnished him with means of stocking and working the farm, in pursuance of an express agreement between them that Joseph might occupy the farm, and use the means furnished as aforesaid, as long as the defendant Thomas was satisfied with his conduct and management, and that, when Thomas Truman became dissatisfied with his conduct and management, then the possession and license should be revoked, and the means said Thomas had permitted him to use should be returned. That Joseph's occupancy was under said agreement and none other. That in June, 1885, Thomas Truman, becoming uneasy in regard to the conduct and management of said property by his son, demanded and received said chattel mortgage upon all of the stock, tools, machinery and crops on the farm, as security for the amounts originally advanced and subsequently loaned, amounting to thirty-six hundred and seventy-three dollars. That Thomas

Truman learned that Joseph and his wife had domestic troubles, and that she had left him, and that he would not live with her, and was going to abandon the farm; whereupon Thomas took possession of the farm, as he had a right to under the agreement by which he had permitted his son to occupy the same. That in consideration of Thomas' promise to pay certain debts for Joseph, amounting to seven hundred and eighty dollars, and of the indebtedness secured by said mortgage, Joseph sold and transferred to said Thomas all the property and the crops on the farm. That afterwards, in good faith, said Thomas Truman sold and conveyed said farm, crops, stock and property to the defendants Brown for thirteen thousand, two hundred dollars.

Upon these issues the cause was submitted to the court, and decree entered dismissing plaintiff's bill and for a judgment against her for costs, from which she appeals.

*L. Bullis*, for appellant.

*Willett & Willett* and *C. Wellington*, for appellees.

GIVEN, J.—I. The plaintiff asks specific performance of a parol gift of certain lands, described, alleged to have been made by defendant Thomas Truman to the defendant Joseph Truman, his son, and husband of the plaintiff, which Joseph Truman accepted, and upon the faith of which he took and retained possession of said land, and made lasting and valuable improvements thereon. That courts of equity will decree specific performance in such cases is well established. *Moore v. Pierson*, 6 Iowa, 298; *Peters v. Jones*, 35 Iowa, 518. Such cases are among the exceptions to the statutory rule that all contracts relating to real estate must be evidenced by some writing, signed by the party to be charged. The burden of the proof is peculiarly upon the party asking performance. "If a party would take a case out of the statute of frauds upon the ground of part performance, it is indispensable that the parol contract, agreement or gift should

be established by clear, unequivocal and definite testimony, and the acts claimed to be done thereunder should be equally clear and definite, and referable exclusively to the said contract or gift." *Williamson v. Williamson*, 4 Iowa, 281. We have considered the case without reference to the testimony introduced by defendants as to the declarations of Thomas Truman, to the effect that he had not given the farm to Joseph. In our opinion, the plaintiff has failed to show, with that clearness and certainty which the law requires, that a gift was made, or that the improvements that Joseph placed upon the farm were made upon the faith that the farm was his. The testimony is somewhat voluminous, and it would not serve any good purpose to refer to it at length. It is sufficient to say that all the facts are at least as consistent with the theory that Thomas Truman put his son Joseph on the farm to give him a chance to do well, and to see how he would succeed, as that he had given it to him. There is considerable conflict in the testimony as to how much of the improvements Joseph paid for. It is evident, however, that he neither made nor paid for any that he might not have done for his own convenience as tenant occupying during the will of his father. In our opinion, the decree of the district court should be affirmed. This view of the case renders it unnecessary to notice the other questions presented.

AFFIRMED.