Ford v. Steele.

C. L. FORD ET AL. v. T. L. STEELE ET AL.

[FILED MARCH 10, 1891.]

31  521
43  845

1. **Conveyances:** PAROL PROMISE OF: ENFORCIBLE AFTER PART
PERFORMANCE. In 1879 one F., being possessed of 120 acres of
land in this state, proposed to a married daughter and her husband
that if they would remove on to forty acres of the land, build a
house thereon, and break up and cultivate the same, and pay
the taxes, they could have the land. In pursuance of this
promise the daughter and her husband moved upon the land,
broke up and cultivated the same, and erected a house thereon,
which is their home. In an action of ejectment by the father
against the daughter and her husband the foregoing facts were
pleaded as an equitable defense to the action, and the jury having
returned a verdict in favor of the daughter, *held,* that the ver-
dict was sustained by the clear weight of evidence.

2. ——: ——: ——. Where a father makes a parol promise
to a child to convey to him or her a tract of land if the latter
will move on to the same, erect a house thereon, and break up
and cultivate the land, all of which is done in reliance upon the
promise, equity will enforce the agreement.

ERROR to the district court for Pawnee county. Tried
below before BROADY, J.

*A. H. Babcock,* and *C. E. White,* for plaintiffs in error,
cited: *Hunt v. Rousmaniere,* 1 Pet. [U. S.], 1; *Colson v.
Thompson,* 2 Wheat. [U. S.], 336; *King v. Thompson,* 9
Pet. [U. S.], 204; *Carr v. Durval,* 14 Id., 77; *Lee v. Dodge,*
5 Wall. [U. S.], 808; *Barr v. Lapsley,* 1 Wheat. [U. S.],
151; *Brashier v. Gratz,* 6 Id., 528; *Bank v. Hagner,* 1
Pet. [U. S.], 455; *Eaton v. Eaton,* 15 Wis., 284; *Smith
v. Wood,* 12 Wis., 425; *Jones v. Tyler,* 6 Mich., 363;
*Nickerson v. Nickerson,* 127 U. S., 668; *Hennessy v. Wool-
worth,* 128 Id., 438.

*G. M. Humphrey, J. K. Goudy,* and *H. C. Lindsay, contra,*
cited: *Neale v. Neale,* 9 Wall. [U. S.], 1; *Dawson v. Mc-*

*Faddin,* 22 Neb., 131; Pomeroy's Spec. Per., 184–6;
*McLain v. School Directors,* 51 Pa. St., 196; *Fairfield v.
Barbour,* 16 N. W. Rep. [Mich.], 230; *Irwin v. Dyke,* 1 N.
E. Rep. [Ill.], 913; *Story v. Black,* 1 Pac. Rep. [Mont.], 1;
*Harris v. Richey,* 56 Pa. St., 398; *Syler v. Eckhart,* 1 Bin.
[Pa.], 380; *Freeman v. Same,* 43 N. Y., 34; *Guynn v.
McCauley,* 32 Ark., 97; *Hardesty v. Richardson,* 22 Am.
Rep., 57; *Sowers v. Weaver,* 84 Pa. St., 267; *Welch v.
Whelpley,* 4 Am. St. Rep., 810.

MAXWELL, J.

This action was brought by the plaintiffs against the
defendants to recover possession of the following described
premises situated in Pawnee county, to-wit: The east third
of the north half of the north-west quarter, and the east
third of the north half of the south half of the northwest
quarter of section 5, township 3, range 9 east, containing
about forty acres.

It is alleged that the defendants, since the first day of
March, 1886, have unlawfully kept and still keep the
plaintiffs out of possession thereof, and of the rents and
profits to the amount of $300. The defendants filed an
answer to said petition, alleging that the legal estate the
plaintiffs have in and to the above described premises is
subject to the equitable estate the defendants have in said
lands, deny that the plaintiffs are entitled to possession, and
deny that they have kept and still keep plaintiffs out of
the lawful possession thereof; and deny that defendants
are liable for rents and profits to plaintiffs.

They allege in their answer that the plaintiffs are the
parents of the defendant Mary Steele, the wife of Thomas
L. Steele; that on or about the 1st day of November, 1878,
the plaintiffs, being the owners in fee of 120 acres of land,
of which the above described land is a part, and being de-
sirous of having these defendants live near them, entered
into a parol agreement with said defendants to give to the

defendant Mary Steele the land described in plaintiffs' petition, for and in consideration that the defendants should move from Illinois to Nebraska, settle upon, cultivate, and improve said land and make their home upon the same; that defendants, relying upon the promises of plaintiffs to give the said land to Mary Steele, and within a reasonable time to convey the same to her, in good faith complied with all the conditions and obligations of said agreement on their part to be performed; that on or about the 15th of November, 1878, defendants moved into the possession of said premises with full knowledge and consent of plaintiffs and at their request; that said defendants have held the same ever since and now reside thereon as their home; that while in possession they have made valuable and lasting improvements thereon to the value of $540; that said improvements were made in good faith, relying upon the promises of the plaintiffs to give and convey the same to the defendant Mary Steele; that they have paid taxes on said land to the amount of $26. The prayer of the answer is for a conveyance of said lands, etc.

The reply is a denial and answer in confession and avoidance. The issues were tried to a jury, which returned the following verdict: "We, the jury in this case, being duly impaneled and sworn, do find for the defendants, Thomas Steele and Mary Steele, and all the affirmative facts are true as stated in defendant's answer."

A motion for a new trial was overruled and judgment was rendered on the verdict.

The plaintiffs claim that the verdict is not sustained by the evidence. There is but little conflict in the testimony. It appears that in the year 1879, the plaintiffs, being possessed of 120 acres of land in Pawnee county, proposed to the defendants that if they would remove to Nebraska and settle on the land in controversy, break up and improve the same, and build a house thereon for a home, they could have the land. There is some controversy in the

testimony as to whether or not there was a promise to make a deed to the defendants, but all the witnesses agree that they were to have the use of the land free of charge, except the payment of taxes, and without limitation as to time. These conversations took place between parents and children, and no doubt the promises were made with the hope of enabling the defendants to obtain a comfortable home. Therefore, whether we take the testimony of the plaintiffs or the defendants, the effect is virtually the same. The defendants were to have the land, and a preponderance of the testimony, as well as the reason of the case, favors the proposition that they were to have a conveyance of the same. Such a promise, when acted upon, will be enforced by a court of equity. (*Dawson v. McFadden*, 22 Neb., 131; *Neale v. Neale*, 9 Wall., 1; *Fairfield v. Barber*, 16 N. W. Rep., 230; *Irwin v. Dyke*, 1 N. E. Rep., 913; *Storey v. Black*, 1 Pac. Rep., 7.)

The verdict of the jury is clearly right and the judgment is

AFFIRMED.

THE other judges concur.