## COOK v. COOK et al.

A parol gift of land by a parent to a child will be sustained, notwithstanding the statute of frauds, if the donee has taken possession and made permanent and valuable improvements on the land.

A parol gift of land by a parent to a child, and the making

of permanent valuable improvements on the faith thereof, in order to sustain the gift, must be proved by clear and convincing evidence.

Evidence held to sustain a finding that a transaction between a father and son did not amount to a parol gift of certain land in controversy.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Custer County. Hon. LEVI McGEE, Judge.

Action by Charles M. Cook against William F. Cook and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Wilson & Wilson* and *Cleveland & Tilden,* for appellant.

Where there has been a parole gift of land, and the donce upon the faith of such gift, has done certain acts, such as entering upon and taking possession of the property and making valuable improvements upon it, the gift will be upheld, or the specific performance of a promise to convey will be enforced, nothwithstanding the fact that there is no written evidence of the transaction. 14 American and Eng. Enc. of Law, p. 1041; Poter v. Smith, 68 Mich. 212, 35 N. W. 916; Dawson v. McFaddin, 24 N. W. 338; Poullain v. Poullain, 4 S. E. 92. Equity protects a parole gift of land equally with a parole agreement to sell it, if accompanied by possession, and the donee, induced by the promise to give it, has made valuable improvements on the property. Neale v. Neale, 9 Wall. 1; Guynn v. McCauley, 32 Ark. 97; Pomeroy on Contracts, pages 184 to 186; Jones v. Tyle, 6 Mich. 363; Martin v. Patterson, 2 S. E. 859; Fairfield et al v. Barbour et al, 16 N. W. 230; Ford et al v. Steele et al, 31 Neb. 521; Wylie v. Charlton et al, 43 Neb. 840; Brown v. Sutton, 129 U. S. 238.

*E. L. Grantham,* for respondent.

While oral gifts of personal property are recognized and regulated by statute, oral gifts of real estate, being within the statute of frauds, are not so regulated. Sec. 938 Civil Code S. D.

WHITING, J. This action was brought by the plaintiff to recover title to, and possession of, a certain piece of real estate in Custer county, S. D. It is claimed by the plaintiff that his father, William F. Cook, one of the defendants herein, purchased the land in question for the purpose of giving the same, and did give the same, to the plaintiff, and that the plaintiff with his fam-

ily, relying upon said gift, moved upon the land in question, and made valuable improvements thereon, and by so doing he became the owner under such parol gift. It is his contention that this gift was word of mouth, and that his father had promised to execute a deed, but had failed to do so. It is claimed that defendants Buel R. Wood and Susan L. Wood became purchasers of this land when plaintiff was in possession thereof, and thus had full notice of plaintiff's rights therein, and that the state of South Dakota became mortgagee under a mortgage executed by defendants Buel R. Wood and Susan L. Wood while plaintiff was so in possession; and, the title having passed to the defendants Wood, plaintiff asks that they be compelled to transfer the deed, and that he be put in possession. The case was tried to the court without a jury, and findings, conclusions, and decree being entered in favor of the defendants, and a motion for new trial having been denied, the plaintiff has appealed to this court.

The only assignment of error presented to this court in appellant's brief is the assignment involving the sufficiency of the evidence to support the following finding: "The court finds for the defendant and against the plaintiff on all the issues of fact in the case." While gifts of real estate from parent to child, if made by parol, will be sustained regardless of the statute of frauds, provided that on strength of such gift the child has taken possession of the premises and made permanent and valuable improvements thereon, yet, in view of the fact that this allowing parol evidence of conveyance of real estate is liable to open the doors to a great amount of fraud, it has become a well-established rule of evidence that parol gifts of land from parent to child will not be sustained except upon the clearest and most convincing evidence. 6 Ency. of Evidence, 230; Truman v. Truman, 79 Iowa, 506, 44 N. W. 721; Poullain v. Poullain, 76 Ga. 420, 4 S. E. 92; Wilson v. Wilson, 99 Iowa, 688, 68 N. W. 910; Story v. Black, 5 Mont. 26, 1 Pac. 1, 51 Am. Rep. 37; Schoonmaker v. Plummer, 139 Ill. 612, 29 N. E. 1114.

Inasmuch as each case of this class must rest for its decision upon the particular facts and circumstances surrounding the same,

and therefore the facts which may lead the court to determine that there was or was not in one case a gift may be·of very little value in determination of another case when it may be brought before the court, we do not deem it will serve any beneficial purpose for us to give a detailed statement of the evidence herein. The plaintiff and his wife testified to conversations tending to show a gift of the land in question, although much of the same would be consistent with the claims of the father, which was that he purchased said land and put his son in possession thereof, owing to a desire to provide a home for his son and family, but with no intention of parting with the title; it being his claim that he did not wish it possible for his son to have title and to be able to sell the land. There are numerous witnesses, children of the plaintiff, and several others who would be disinterested, who testified to conversations had with the father, in which he spoke of the land as his son's, or that he had given it to his son, and yet much of this testimony is entirely consistent with the father's claims. The possession held by plaintiff was of short duration; considerable time elapsed between the date of the claimed gift and the date the land was sold to the Woods. The improvements placed thereon were of very small value, and practically everything was moved away by the plaintiff after the conveyance to the Woods. Moreover, the plaintiff wrote a letter to the Woods, denying any claim of ownership in the premises, which letter was written after their purchase. It is true that plaintiff claimed he wrote such letter while in ignorance of his legal rights in said land, but such letter was entitled to considerable weight with the trial court. Knowing very well, as we do, of the great advantage which the trial court has in determining the weight to be given to the testimony of such witnesses as came before it, while in this case there were several depositions, yet most of plaintiff's testimony being given orally in the court, we would be loath to reverse the decision of the trial court on questions of fact; and, in view of the rule above stated applicable to this class of cases, it would seem to us that the trial court was fully warranted in its decision.

The case of Shoonmaker v. Plummer, supra, was quite similar

to the case at bar, and we can do no better than to quote with approval the following from the opinion of the court in said case, which words seem to us particularly applicable to the facts in the case at bar: "Great reliance, however, seems to be placed upon the testimony of a considerable number of witness produced by the complainants, who testified to various statements by Plummer, both before and after the purchase was made, as to the purposes for which he was about to or had made it. It would serve no useful purpose for us to rehearse the testimony of these witnesses in detail. As to many of them, all we need say is that what they testify to is not necessarily inconsistent with Plummer's version of the transaction. They testify to statements of Plummer that he was about to purchase, or had purchased, said house and lot for his daughter. Testimony of this character does not militate against the theory that he bought said property merely for the purpose of furnishing his daughter a home. In a very important sense such purchase might be said to be made for her. A few witnesses do testify to statements by Plummer that he had bought the house and lot, and given it to his daughter. But when we consider the exceedingly unsatisfactory nature of this species of testimony, consisting, as it does, of a mere statement of conversations which took place years before the witnesses were examined, we cannot say that the court below was in error in refusing to regard them as constituting a sufficient corroboration of the testimony of Mrs. Schoonmaker to entitle her to a decree. In our opinion the decree is fairly warranted by the evidence, and it will therefore be affirmed."

The judgment of the trial court and order denying a new trial are affirmed.