## BARLOW GRAIN AND STOCK EXCHANGE, a Corporation, Appellant, v. JOHANNA S. NILSON, Respondent.

(223 N. W. 700.)

Opinion filed February 18, 1929.

*C. B. Craven,* for appellant.

*James Morris,* for respondent.

BIRDZELL, J. This is an action in which the plaintiff seeks to recover of the defendant upon a contract made between the defendant and her husband for the benefit of the plaintiff. The facts necessary to be stated are that in November, 1923, one Andrew G. Nilson was mortally ill; that he transferred to his wife, Johanna Nilson, the defendant, a quarter section of land upon which they had long resided. The plaintiff attempted to show that the land, as well as the personal property of Andrew G. Nilson, was transferred to the defendant in pursuance of an agreement whereby she was to pay any indebtedness that Andrew owed and that the transfers should avoid the necessity of probating his estate. Andrew Nilson died within a few days after the execution of the deed. In 1921 he had executed a note to the plaintiff in the sum of $806.80, upon which there was still due at the time this action was brought more than $800. At the conclusion of the testimony the trial court dismissed the action upon motion of the defendant. Subsequently a motion for a new trial was made and denied. The plaintiff appeals both from the judgment and from the order denying the motion for a new trial.

The propriety of the dismissal depends upon whether the evidence, construed most favorably for the plaintiff, tends to prove a cause of action. The only evidence in the record to which the appellant is able to point as tending to prove the contract alleged between Andrew Nilson and Johanna Nilson, the defendant, is that of one Kjos. He testified, in substance, that in the fall of 1923, about ten days or two weeks before the death of Andrew Nilson, he called at the residence of the defendant; that he had a conversation with her regarding the transfer to her of the real estate and personal property which had belonged to her husband. She said that it would not be necessary to probate his estate and that she would assume the indebtedness that Mr. Nilson owed; that the personal property was also mentioned; that it, together with the land, was transferred to her, she assuming the obligations of Nilson. Nilson was present but very ill when this conversation was had. The witness testified that he was her banker and

was advising her as to the best thing to do regarding the property, and he advised her that she should take a transfer of the property and assume her husband's obligations. The witness was also an officer in the plaintiff company. There is no evidence that the personal property was delivered to the defendant. The deed from Nilson to his wife, dated November 6, 1923, is in evidence, but it does not recite such a consideration as that claimed by the plaintiff. It is perfectly consistent with all the testimony offered by the plaintiff that the defendant never received the personal property, which formed a part of the consideration for the defendant's promise, according to the plaintiff's contention. It would thus appear that so far as this record shows the only consideration received by the defendant is the enjoyment of the homestead which presumably she had a right to continue to enjoy had there been no deed. The law on the subject of the right of a creditor beneficiary to recover on a promise made for his benefit is stated in § 140, Restatement of the Law of Contracts, under the auspices of the American Law Institute, as follows:

"There can be no donee beneficiary or creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, or subsequently ceases to be binding in whole or in part because of impossibility, illegality or the present or prospective failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation." (See also Williston, Contr. §§ 394, 395.)

The defendant, in addition to disputing the existence of the alleged contract in the first instance, showed that she had not received the personal property. Under her testimony, which is undisputed as to the personal property, she would have had a perfect defense to an action brought by the other contracting party in his lifetime. Such a defense is equally available now and was clearly established. The evidence of the plaintiff did not go far enough to prove a cause of action under the contract alleged. It may be anticipated that the appellant will suggest that the defendant should have pleaded either partial failure of consideration or breach of condition. The answer to such a suggestion is that the defendant has not only denied the

existence of such a contract but has generally denied its performance between the immediate parties, as alleged in the complaint. This she has done by a specific denial of each and every allegation except that she had received a warranty deed to the homestead. The plaintiff alleged both the making of the contract between the immediate parties and its performance by Andrew Nilson, but failed to prove its performance by him.

There is no merit in the contention that the trial court erred in denying the motion for a new trial on the ground of newly discovered evidence. The newly discovered evidence is that of Martin Aas. Apparently the plaintiff would not have discovered the additional source of evidence had it not been for the testimony of the defendant wherein she brought to light the fact that on the occasion when Kjos called at her residence, advised her concerning her property and obtained admissions with reference to the existence of a contract between her and her husband whereby she was to assume his indebtedness, he was accompanied by one Martin Aas. Kjos had previously testified affirmatively that he was not accompanied by anybody upon this same trip, but he changed his testimony before the end of the trial after the defendant had testified. No effort was made to secure a postponement to obtain the presence of Aas who was only some sixteen miles distant. Furthermore, in our opinion, the testimony of Aas should be regarded merely as cumulative. But it is not to be inferred that the motion should have been denied on this account. It is true that the appellant regards it in a different light on account of having tried the case upon the mistaken theory that Kjos was not a competent witness to testify to the transaction between Andrew Nilson and Johanna Nilson, because of being an officer in the plaintiff corporation. The attempt here is to hold the defendant personally liable upon a contract made with her husband. She is not sued in the capacity of an executor, administrator, heir at law or next of kin, and Andrew Nilson's estate would not be affected, except beneficially, by the plaintiff establishing the contract alleged. It is clear that the statute (subdivision 2, § 7871, Compiled Laws of 1913), under which interested parties are precluded from testifying to transactions with a deceased, is not applicable, and the statute is not to be extended by construction. See St. John v. Lofland, 5 N. D. 140, 64 N. W. 930; 1 Wigmore, Ev. 2d ed. § 578. Hence,

Kjos was just as competent to testify to the whole transaction in an action against this defendant personally and not in a representative capacity as Aas would be. He, in effect, did so, for he testified that the deceased was present during the whole of his conversation with the defendant. The plaintiff evidently hinged its whole case on the testimony of the witness Kjos, who was one of its officers, and he failed to remember that he was accompanied by another at a time when the transaction in question was discussed in his presence. This is not a strong showing of diligence. The trial court, in our opinion, properly exercised its discretion in denying the motion for a new trial.

Judgment affirmed.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.