[File No. 6206.]

WILLIAM HEUER, Respondent, v. HENRY HEUER, Appellant.

(253 N. W. 856.)

498

Opinion filed March 28, 1934.

*Shure & Murphy,* for appellant.

*Burdick, Burk & Burdick,* for respondent.

NUESSLE, J. The plaintiff William Heuer brought this action to quiet title to a quarter section of land in Cass county as against a mortgage thereon held by the defendant Henry Heuer. The case was tried to the court without a jury. Judgment was ordered and entered for the plaintiff. Defendant, perfecting this appeal, demands a trial de novo in this court.

Carl Heuer was a long-time resident of Cass county. In 1910 he bought the land which is the subject of this action. The plaintiff William Heuer is the son of Carl Heuer. William Heuer married in 1912. He and his wife lived with his father for a year. Then in April, 1913, they moved onto the land here involved. They lived there continuously up to the time of the trial of this action in 1933. William Heuer paid the taxes and kept the place in repair. He made additional improvements thereon, set out fruit and ornamental trees, built fences, a garage, a smokehouse, a cistern, and dug an expensive well. In short, William Heuer and his wife created there a home for themselves and their family of eleven children.

In 1913 before William Heuer went to live on the farm his father said to him: "This is your farm Bill. Farm it the way you want to. I will hold the deed to save it for you so you don't lose it or sell it or get rid of it." It was pursuant to this conversation that plaintiff moved onto the farm. Thereafter he regarded and treated the land as his own, he farmed it as he saw fit, and paid the taxes every year except for the year 1917. He made no accounting to his father or to anyone for the rents and profits. When he went upon the land there was a mortgage of $2,800 against it. He paid the interest on this mortgage in the sum of $168 annually until 1919 when his father discharged it. In 1919, Carl Heuer bought another piece of land. He borrowed the purchase price of $19,000 from his brother Henry Heuer, the defendant. To secure this loan he mortgaged the land so purchased. He kept up the taxes on the land, paid the interest on

the loan and reduced the principal somewhat so that in 1929 there remained unpaid thereon the sum of $16,000. In 1929 at the request of Henry Heuer, Carl Heuer executed a new note for the amount of the loan then remaining unpaid and secured this note by a mortgage on the land which had been the original security and on the quarter section involved in the instant action. This action is brought to quiet title as against the mortgage.

In 1929 Carl Heuer sold and deeded a right of way through the land for a state highway and received and retained the consideration therefor.

In 1926, Carl Heuer was not in good health. In that year he deeded the tract here involved, together with other lands belonging to him, to his wife, the mother of the plaintiff. He died intestate in May, 1930. The deed was not filed for record until after his death.

There is also evidence in the record that at various times after the plaintiff took possession of the land and prior to the execution of the mortgage to Henry Heuer in 1929, Carl Heuer said the land belonged to the plaintiff; that he, Carl Heuer, was holding the title so that plaintiff's creditors could not get it and so that the plaintiff would not lose it or otherwise dispose of it. He said this to strangers as well as to various members of his own family. Among others he told this to the notary at the time he executed the deed to his wife, saying that he was deeding it to her so as to save it for plaintiff as against his creditors. It is undisputed that the defendant who lived in the vicinity knew the plaintiff resided with his family upon the land here involved. And it was commonly reputed in the neighborhood that this land belonged to the plaintiff.

Plaintiff contends that he is the owner of the land; that it became his by and through an executed gift to him from his father; that relying upon the gift he went into possession of the land, made improvements thereon, and occupied it openly and adversely as the owner; that thereby the equitable title passed to him. On the other hand, the defendant insists that giving the evidence its greatest effect, there is, nevertheless, not such a certainty with respect to the gift as the law requires; that though the plaintiff occupied the land from 1913 on his father at all times regarded it as his own; that all of the circumstances indicate that while he might have intended at some time in

the future to give the land to the plaintiff he did not do so but considered and treated it as his own; that if there was an attempted gift it was by parol and therefore void under the statute of frauds; that any improvements that may have been put upon the land by the plaintiff were inconsiderable, worth much less than the rental value of the premises, and so not sufficient to take the transaction out of the statute of frauds; that there is no competent evidence as to the gift and that the evidence offered as to the statements of the deceased Carl Heuer is inadmissible either under § 7871, Comp. Laws 1913, or as attempting to establish a transfer of realty by a parol agreement.

Thus the question here is as to whether a valid title may be predicated upon the facts and circumstances established in the record. This question must be considered in the light of the following statutory provisions:

"An estate in real property other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing, subscribed by the party disposing of the same or by his agent thereunto authorized in writing." Comp. Laws 1913, § 5511.

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein, is invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent." Comp. Laws 1913, § 5888.

"No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof is in writing and subscribed by the party to be charged, or his agent thereunto authorized in writing; but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." Comp. Laws 1913, § 5963.

The trial court who saw and heard the witnesses found that there was an oral gift of the land to the plaintiff by his father. Pursuant to and in reliance upon this gift the plaintiff went into possession in 1913. He has at all times since then openly exercised all the acts of proprietorship which are ordinarily exercised by an owner, paid the

taxes (except for 1917), made substantial improvements upon the land, and in all things used the land as his own and as a home for himself and his family. If these findings are sustainable on the record, then the judgment must be affirmed.

The fact that the gift was by parol does not necessarily avoid it. Where a vendee is placed in possession of land under a contract of sale, makes valuable improvements and pays part of the purchase price, the fact that the requirements of the statute of frauds were not complied with in making the contract will not defeat an action for the specific performance thereof. Mitchell v. Knudtson Land Co. 19 N. D. 736, 124 N. W. 946. There is no good reason why a gift should not be subject to the same rules as a sale, and the cases so hold. See Urbanec v. Urbanec, 43 N. D. 127, 174 N. W. 880; Wylie v. Charlton, 43 Neb. 840, 62 N. W. 220; 27 C. J. 208. Thus where under a parol gift of land the donee takes possession and makes improvements in reliance on the gift so it would work a substantial injustice to hold the gift void, the transaction is taken out of the statute of frauds. Sires v. Melvin, 135 Iowa, 460, 113 N. W. 106; Potter v. Smith, 68 Mich. 212, 35 N. W. 916; Lindell v. Lindell, 135 Minn. 368, 160 N. W. 1031; Story v. Black, 5 Mont. 50, 1 P. 9, 51 Am. Rep. 43; Wylie v. Charlton, 43 Neb. 840, 62 N. W. 220, supra; Cook v. Cook, 24 S. D. 223, 123 N. W. 693; Hargreaves v. Burton, 59 Utah, 575, 206 P. 262, 33 A.L.R. 1481, and note; Neale v. Neale, 9 Wall. 1, 19 L. ed. 590; 28 C. J. 656. It seems to us clear that this rule must be applied in the instant case.

It is objected, however, that the improvements made by the plaintiff here were inconsiderable in value and worth much less than the value of the rents and profits of the land during the period of the plaintiff's occupancy; that therefore the rule cannot be invoked. The record does not show the value of the rents and profits during the time plaintiff has been in possession of the land. It does show that the improvements, exclusive of labor, were worth about $1,000. Spread over the whole period of the plaintiff's occupancy this may be regarded as an inconsiderable amount. If expended in a single year this would not be so. But, in any event, it seems to us the case cannot turn upon the dollar and cent value of the improvements alone. The point is

that it would work a substantial injustice to hold the gift void under the circumstances disclosed. Dollars and cents cannot make a man whole if he be deprived of the home he has created and occupied with his family for nearly twenty years in good faith reliance upon a gift. See in this connection, West v. Bundy, 78 Mo. 410; Ford v. Steel, 31 Neb. 521, 48 N. W. 271; Halsey v. Peters, 79 Va. 65.

Presumptively, since the title to this land stood in Carl Heuer's name on the public records, plaintiff's occupancy thereof was under and in subordination to this title. Comp. Laws 1913, § 7365. But this presumption was not conclusive. Of course the plaintiff has the burden of establishing such an interest in the land as will entitle him to maintain the action. But this is a civil action and he need not establish the facts essential to his case beyond a reasonable doubt. It is sufficient if his evidence establishes these facts with reasonable certainty. Wylie v. Charlton, 43 Neb. 840, 62 N. W. 220, supra; Hargreaves v. Burton, 59 Utah, 575, 206 P. 262, 33 A.L.R. 1481 and note, supra; Neale v. Neale, 9 Wall. 1, 19 L. ed. 590, supra. The defendant insists that the plaintiff's proofs are not sufficient to do this. There is no dispute as to the plaintiff's occupancy of the land or as to what he has done while thus in possession of it. The case must hinge then on whether such occupancy and possession was under a gift from his father or otherwise. In view of the relationship existing between Carl Heuer and plaintiff, the latter's use and occupancy of the land are not necessarily inconsistent with title and ownership in Carl Heuer. Many sons reside on their fathers' land, exercise the prerogatives of ownership and pay no rent for the use of it. But neither were Carl Heuer's acts with respect to the land necessarily inconsistent with the plaintiff's contention that his father had given the land to him and that he went into possession of it because of and in reliance upon this gift. For oftentimes there is delay and negligence and disregard of ordinary business methods in entering into and completing transactions between father and son. And a father's desire to insure to his son the enjoyment of his gift is most natural. So the intention of Carl Heuer when he put the plaintiff into possession becomes important. If he intended to make a present gift of the land to the plaintiff and reserve title in himself for some reason of his own, then under the facts and circumstances shown the gift was valid and effective.

On the other hand, if he merely intended at some time in the future to give the land to the plaintiff and not to make a present gift, then the plaintiff cannot prevail. Plaintiff sought to establish the intention to make a present gift by evidence of the statements of Carl Heuer to him at the time of the making of the alleged gift and thereafter. Since Carl Heuer was deceased the defendant objected on the ground that the statements made by him to the plaintiff were inadmissible under § 7871, Comp. Laws 1913, providing that in a civil action or proceeding by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party. The evidence was admissible as against this objection. As is said in Mowry v. Gold Stabeck Co. 48 N. D. 764, 186 N. W. 865: "The statute, precluding testimony concerning transactions had with deceased persons, is specific in its character, and relates only to actions wherein the personal representative, heirs or next of kin are parties. The plaintiff did not appear in that capacity. He claims title through a deed made by his father during his lifetime. The statute cannot be extended by judicial construction beyond this plain application."

The defendant also objected to evidence offered as to statements made by Carl Heuer after the alleged gift and prior to the execution of the defendant's mortgage to the effect that the land belonged to the plaintiff and as to why no deed had been executed. The objection was on the ground that the evidence was "incompetent, an attempt to prove by oral testimony a presumed or purported transfer or executory oral promise to transfer land." The trial court properly overruled this objection. The evidence was offered for the purpose of showing how Carl Heuer regarded the land in question, that is, as belonging to his son. The statements were statements against interest. They tended to show the intention that must have been in his mind at the time of the alleged gift to the plaintiff. They were explanatory of his not having executed a deed to the plaintiff. They tended to show why he executed the deed to the plaintiff's mother. Thus the evidence was properly received and we think that it amply evidences an intention on the

part of Carl Heuer to give the land to his son at the time he put him into possession thereof. It dissipates any uncertainty that may have arisen on account of the acts of Carl Heuer with respect to the land after the purported gift to the plaintiff.

The defendant also objected to the admission of evidence as to the common reputation of the plaintiff's ownership of the land on the ground that title cannot be established by reputation. The statute, however, § 7936, ¶ 12, Comp. Laws 1913, provides that it may be presumed that a person is the owner of property from exercising actual ownership over it or from common reputation of his ownership. True, this is only a denominational presumption and as such may not be entitled to great weight. Nevertheless this testimony was admissible for its evidential effect, whatever that might be, to be considered with the other facts and circumstances in determining whether there had been an executed gift to the plaintiff. See 3 Wigmore, Ev. 2d.ed. § 1626.

Some contention is made that defendant is a bona fide holder of the mortgage here involved and took the same for value without notice of the plaintiff's equities in the land. But the plaintiff was in possession. The defendant stands in the shoes of Carl Heuer as of the time of the execution of his mortgage with respect to equities of which he had notice. If at that time plaintiff could have maintained his claim that he held the land under a valid executed gift against Carl Heuer, he can maintain it now as against the defendant. Plaintiff's possession was notice to the defendant of plaintiff's rights in the land. See O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849; Earnest v. First Nat. Bank, 56 N. D. 309, 217 N. W. 169.

Accordingly, viewing the whole record, we hold, as did the trial court, that the plaintiff has sustained the burden that was placed upon him and has established his case by that weight of the evidence which the law requires.

Finally, the defendant insists that the judgment as ordered and entered is too broad in that it quiets title generally in the plaintiff. Of course any judgment for the plaintiff in this action must be limited in its effect to cancelling and vacating the defendant's mortgage and quieting title as against it. We think that the judgment as entered

was intended to have that effect, and in so far as it does so and no further, such judgment must be and it is affirmed.

BURR, Ch. J., and BURKE and CHRISTIANSON, JJ., concur.

MOELLRING, J., did not participate.