CHRISTENSEN, Appellant, v. CHRISTENSEN, Respondent.

(255 N. W. 109.)

(File No. 7585.   Opinion filed June 1, 1934.)

*W. P. Rooney,* of Hot Springs, for Appellant.

*H. M. Lewis,* of Hot Springs, for Respondent.

POLLEY, J. This action is brought to quiet title to a tract of land in Hot Springs. Plaintiff is the mother of defendant's deceased husband, Victor Christensen. Plaintiff's husband, Sam Christensen, is engaged in the jewelry business in Hot Springs. During the fall of 1927, Sam Christensen engaged Victor Christensen, defendant's husband, to work for him in his jewelry store. His remuneration for the work so to be performed in the store was to be $50 per month in cash, extra pay for certain special work he was to perform, commissions on sales, and a house to live in rent free. At the time of this transaction defendant and her family were living in the home of plaintiff and family. This arrangement continued for some two months, when defendant and family moved across the street into a house belonging to plaintiff. Defendant and her family remained in this house until the spring of 1928, when, as testified to by the defendant, plaintiff told Victor that an older brother, Carl, who had formerly lived in the house then occupied by defendant and family, was coming back and that he wanted the house again; that defendant and family could move into the house on the hill, meaning the house involved in this transaction. This house was not in good condition for occupancy, but plaintiff told Victor that if he and defendant would move into the house and fix it up they could have it. Accordingly the change was made and Victor did proceed to make some repairs on the house. They continued to live in this house until January, 1931, when Victor died, and defendant and her three children have continued to occupy the house until the present time.

About July, 1932, plaintiff asked defendant to vacate the house. Then, for the first time, defendant asserted her ownership and right to a conveyance of the title to the property. She refused to vacate the place, and plaintiff immediately started this action to quiet title to the property in herself. The case was tried to the court. Findings of fact, conclusions of law, and judgment were for defendant, and plaintiff appeals.

There is no claim that any written contract for the conveyance

of the property was ever entered into, and the questions to be determined are: First, was there ever a verbal contract made for the conveyance of the property? And, second, if such verbal contract ever was made, has there been a sufficient performance on the part of the defendant to entitle her to a conveyance of the title to the property?

The court made the following findings of fact:

"IV. The court further finds that on or about the first day of May, 1928, the plaintiff entered into an oral agreement with the defendant Elizabeth Christensen and Victor Christensen, whereby she agreed to and with said Victor and Elizabeth Christensen jointly, that if they would move into the house then located on the real property heretofore described, and improve the same and occupy it as a family home she would deed the same to them.

"V. The court further finds that the defendant, Elizabeth Christensen and her husband, Victor Christensen accepted said offer and agreed so to do, and did about June 1928 move into said building upon said real estate, and that the same has at all times since been occupied as a family home.

"VI. The court further finds that acting under said agreement said Victor Christensen and the defendant Elizabeth Christensen, did improve said house upon said real estate by lowering the ceilings then in said house, and by enlarging a bedroom therein and building onto said house a bedroom and bathroom, and by installing into said house running water and sewer connections, and building a sewer from said house to the main trunk sewer, and by placing upon said house a front porch, and by excavating the hill behind said house and filling up the yard in front thereof, and by building a retaining wall around said yard.

"VII. The court further finds that said house was occupied and said premises were improved by said Victor Christensen and by this defendant, believing that said agreement of May 1, 1928, was binding and effective, and that they were improving their own property.

"VIII. The court further finds that Victor Christensen departed this life intestate and without any estate or interest in any property other than his interest in the propery involved herein, on or about January 6, 1931, and leaving as his only heirs at law and

next of kin his widow, the defendant, Elizabeth Christensen and his three minor children, to-wit: Sam Christensen, Jr., Karol Christensen and Victor Christensen, Jr.

"IX. The court further finds as a fact that the value of the property was increased by the improvements placed thereon by said Victor and Elizabeth Christensen in approximately the sum of Seven Hundred Thirty Dollars ($730.00) exclusive of all expenditures made by any persons not parties to this action, and that they increased the value of said property in said amount in good faith, believing themselves to be the owners thereof."

In conclusion the court held, from the foregoing findings of fact, that the defendant and her children were entitled to a conveyance by the plaintiff of the title to the said property, or in lieu thereof that plaintiff might pay to the defendant the sum of $730 in cash.

Appellant questions the sufficiency of the evidence to show that any contract for the conveyance of the property involved, to defendant or her husband, was ever entered into, or that plaintiff ever intended to convey the said property to the defendant or her husband, or that defendant's husband ever understood that he was entitled to such conveyance.

██ Respondent contends that in setting out her assignments of error, appellant has not complied with the rules of this court (rule 4), and such assignments should not be considered by this court. Appellant in making up her record in this court set out her specifications of the insufficiency of the evidence in full as same are attached to the settled record. Appellant's counsel then, without copying such specifications, proceeded to treat them as assignments in this court, of the insufficiency of the evidence. While this is not the ordinary way of treating specifications of error, it is not necessary to print them twice. The method followed by appellant is an irregularity only and in no wise prejudicial to respondent.

██ This brings us to the merits. It is undisputed that a considerable amount of improvements were placed upon the premises involved in this action after the same became occupied by defendant and family, but only a small amount of such improvements were made by defendant or her husband. The house was

enlarged; in fact, practically rebuilt, but it was nearly all done at the expense of plaintiff's husband. The greater part of the lumber that was used was lumber that had been salvaged from a building owned by plaintiff that had been partially destroyed by fire. In addition to this, plaintiff's husband bought a considerable amount of other material. One item alone that he purchased from the Hot Springs Lumber Company cost $263. In addition to this he paid out some $60 for labor. He bought a bathtub and bathroom fixtures and bought and paid for the sewer pipe and water pipe. In fact, he furnished and paid for all the material that was used and for a large part of the labor. In all cases where any changes or improvements were made, permission to make the same was first obtained from plaintiff. During all the time that defendant has been living in the house, plaintiff or her husband has paid the taxes on the same and paid for keeping the same insured. This conduct on the part of all parties concerned is wholly inconsistent with ownership of the property by defendant or her husband, or the existence of a contract to convey the property to defendant. But assuming that the improvements made by defendant's husband were a sufficient performance to entitle her to such conveyance, we are not able to find in this record an agreement on the part of the plaintiff to convey the title to the premises to the defendant or to her husband. All that defendant claims was ever said by the plaintiff is that plaintiff told defendant and her husband that if they would fix up the place they could have it. Plaintiff claims that what she meant was that they could have it to live in while Victor was working for his father. Nothing whatever was said about executing a deed or conveying the title, and no time was ever fixed when the alleged contract was to be consummated.

In fact, defendant does not claim that the matter of a deed or the conveyance of the title was ever mentioned by the plaintiff. Defendant testified that on the day after her husband died she mentioned the house to Sam Christensen; she testified that she said to him: "What about the house Dad?" And that in reply to such question he said: "You can stay in here just as long as you want to." Christensen denied positively that any such conversation ever took place, but assuming that such conversation did take place, it is wholly immaterial to any of the issues in this case. In the first place, Sam Christensen did not own the property

and could not have conveyed the title. In the second place, his remark, "You can stay in here just as long as you want to," is not a promise to convey the title, nor does it carry the implication that he had any such intention. At most, it is a mere expression of consent on his part that defendant might continue to occupy the premises as a home. The evidence shows without dispute that in all cases when Sam Christensen employed one of his boys to work for him that he furnished him a house in which to live free of rent, and this he claims is all that was ever promised to Victor or that Victor ever expected.

In Cook v. Cook et al, 24 S. D. 223, 123 N. W. 693, 694, a case very similar to this, this court said: "While gifts of real estate from parent to child, if made by parol, will be sustained regardless of the statute of frauds, provided that on strength of such gift the child has taken possession of the premises and made permanent and valuable improvements thereon, yet, in view of the fact that this allowing parol evidence of conveyance of real estate is liable to open the doors to a great amount of fraud, it has become a well-established rule of evidence that parol gifts of land from parent to child will not be sustained except upon the clearest and most convincing evidence." Citing 6 Ency. of Evidence, 230; Truman v. Truman, 79 Iowa 506, 44 N. W. 721; Poullain v. Poullain, 76 Ga. 420, 4 S. E. 92; Wilson v. Wilson, 99 Iowa 688, 68 N. W. 910; Story v. Black, 5 Mont. 26, 1 P. 1, 51 Am. Rep. 37; Schoonmaker v. Plummer, 139 Ill. 612, 29 N. E. 1114.

Upon the whole record we cannot say that the transactions that took place between the plaintiff on the one side and the defendant and her husband on the other are sufficient as a matter of law to constitute a contract for the conveyance of title to real property.

The judgment and order appealed from are reversed.

ROBERTS, P. J., and RUDOLPH, CAMPBELL, and WARREN, JJ., concur.