REINSCHMIDT, et al, Respondents, v. HIRSCH, et al, Appellants.

(275 N. W. 356)

(File No. 8003.   Opinion filed October 5, 1937)

F. B. *Morgan,* of Wagner, and *W. W. French,* of Yankton, for Appellants.

*Hitchcock & Sickel,* of Mitchell, and *Stanton L. Clark,* of Tripp. for Respondents.

SMITH, J. Plaintiffs, as the liquidating trustees of a judgment creditor of Margaret Hirsch, seek, by this action, to nullify a certain conveyance of real property by Margaret Hirsch to the defendant the Midwest Realty Company as fraudulent. The defendants admit that the conveyance was delivered in execution of a parol trust reposed in Margaret Hirsch by her late husband, F. H. Hirsch, deceased, for the benefit of their children, Ray, William, Alden, Olivia, Arthur, and Emil Hirsch. The Midwest Realty Company is a corporation, of which the children were incorporators. They testified that it was organized for the purpose of holding and managing this and other property. The defendants contend that F. H. Hirsch deeded the land to Margaret Hirsch during his lifetime, pursuant to an express understanding resting in parol that she would hold the legal title in trust for the children during her lifetime, and that she should have and enjoy the net income therefrom during that period. On trial the testimony of Margaret Hirsch and some of her children was received over the objection of plaintiffs based on the second subdivision of section 2717 of the Revised Code of 1919. This testimony tended to esta-

blish the existence and terms of the parol agreement between Margaret and F. H. Hirsch. Findings were made, based on this testimony, from which it was concluded that the conveyance attacked was made in performance of a parol trust, and the decree of the court subjected no more than the life estate of Margaret Hirsch to the claim of plaintiffs. Thereafter, the court ordered a new trial, assigning as its reasons: (1) Insufficiency of the evidence to show delivery of the deed from F. H. Hirsch to Margaret Hirsch; (2) incompetency of the testimony of the widow and children with reference to the understanding between Margaret Hirsch and F. H. Hirsch; and (3) the insufficiency of the evidence to show an executed parol trust. The appeal is from the order granting a new trial.

May a creditor complain because a debtor conveys property in execution of a trust which is not enforceable because created by a parol? Both reason and authority command a negative answer to this question. To render unto the beneficiaries of such a trust that which in all good conscience and right is theirs does not in fact defraud the creditors of the trustee. The authorities are collected in a note in 64 A. L. R. 576. It is equally clear that no right of the creditor of the trustee is violated by a conveyance to a corporation formed by the beneficiaries in lieu of a conveyance or other method of passing the property on to the beneficiaries. The rights of the creditor only relate to the individual property rights of the trustee.

Was the testimony of the widow and children competent under subdivision 2 of section 2717? This proviso or exception to the general rule of competency of testimony of interested parties or persons is not to be applied to any witness or testimony not clearly within its terms. Hornstra et al. v. Avon State Bank, et al., 55 S. D. 513, 226 N. W. 740. The action at bar is by a creditor of Margaret Hirsch, and its object is to force application of her individual property to the satisfaction of her debt. The children assert that the property is theirs as the result of a gift from their deceased father. Although Margaret Hirsch is in fact the administratrix of the estate of F. H. Hirsch, deceased, and she and the children are his heirs at law, Margaret Hirsch does not appear in or defend the action in either such capacity, and the

action is not one in which a judgment may be rendered against an administratrix as such, or as against an heir as such. The only adjudication that may be made against her is with reference to her individual property rights as between her creditor, her grantee, and herself. The purpose of the statute and its wording indicates an intention to limit its application to actions in which judgments may be rendered "* * * against executors, administrators, heirs at law or next of kin in which judgment may be rendered * * * against them" as such. No adjudication of the rights of the heirs of F. H. Hirsch as such, or of the estate of F. H. Hirsch, may be had in the action at bar. Therefore, the exception contained in section 2717 is not applicable. 70 C. J. 212, par. 277; Heuer v. Heuer, 64 N. D. 497, 253 N. W. 856; Barlow Grain & Stock Exchange v. Nilson, 57 N. D. 624, 223 N. W. 700.

Respondents submit the case of Smith v. Gable et al., 56 S. D. 604, 230 N. W. 28, 30, as authority for the exclusion of this testimony. In so doing, respondents overlook the facts appearing in that case, namely, that "S. L. Gable was the administrator with the will annexed and was sued as such," and that the action was brought by a creditor of the decedent to subject property to the payment of a debt of the decedent.

Defendants argue that plaintiff is estopped to question the delivery of the deed from F. H. to Margaret Hirsch. This deed was placed in issue by the answer of the defendants as part and parcel of the transaction under which defendants claim Margaret Hirsch received the property as a trustee. In view of this fact, and of the further fact that the complaint is sufficient in form to reach any interest Margaret Hirsch may have had in the real property in question, whether received by her through conveyance, succession, or will, if such interest was in fact fraudulently conveyed as alleged, we are convinced that the contention does not merit discussion.

■■ These conclusions are not decisive of the appeal. They may only serve as a guide to the court in a retrial of the action, and the order granting a new trial must stand. The exercise of the discretion of the trial court in granting a new trial upon the ground of insufficiency of the evidence will not be disturbed on appeal except for a clear abuse of discretion. Frank v. Ruzicka,

45 S. D. 579, 189 N. W. 515; Houck v. Hult et al., 60 S. D. 570, 245 N. W. 469. The duty to resolve conflicts in the evidence and to determine the credibility of witnesses rests upon the trial court.

The order of the trial court may be, and is, hereby affirmed.

All the Judges concur.